Justice ALITO, dissenting.
I would dismiss this case as improvidently granted. Before deciding what a pretrial detainee must show in order to prevail on a due process excessive force claim, we should decide whether a pretrial detainee can bring a Fourth Amendment claim based on the use of excessive force by a detention facility employee. We have not yet decided that question. See Graham v. Connor,490 U.S. 386, 395, n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). If a pretrial detainee can bring such a claim, we need not and should not rely on substantive due process. See Albright v. Oliver,510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)(plurality opinion); Graham,490 U.S., at 395, 109 S.Ct. 1865. It is settled that the test for an unreasonable seizure under the Fourth Amendment is objective, see id.,at 397, 109 S.Ct. 1865so if a pretrial detainee can bring such a claim, it apparently would be indistinguishable from the substantive due process claim that the Court discusses.
I would not decide the due process issue presented in this case until the availability of a Fourth Amendment claim is settled, and I would therefore dismiss this case as improvidently granted.